H. C. MELONE *v.* J. F. McDOWELL.

**Sheriffs and Constables—Action on Sheriff's Bond—Pleading.**

In an action on a sheriff's bond for damages for negligence of the sheriff in serving an attachment summons, the plaintiff should state that the principal defendant was at the time insolvent, and that by reason of such failure to serve the summons the insolvent defendant collected the debt sought to be attached, and that the debt was lost to plaintiff because of the negligence of the sheriff in serving the summons.

APPEAL FROM SHELBY CIRCUIT COURT.

December 29, 1872.

OPINION BY JUDGE PETERS:

Although Dobyns may have been insolvent on the 14th of November, 1870, and even after the 18th of November of that year, and no part of the debt then owing by him to appellee had been paid, still, as this action was not brought for more than one year after the failure of appellant to execute the summons and order of attachment on Campbell, Dobyns may have in the meantime become solvent, or for anything that is averred in the petition he may have been paid the debt to him. To make out a cause of action appellee should have averred that said debt was still owing by Dobyns to him and unpaid, and that by the failure of appellee to execute the summons and attachment he had failed to make the $152 of his debt, the amount Campbell owed Dobyns. The statement, that by the failure and refusal of appellant to discharge his duty, he damaged the plaintiff in the sum of $152 is not sufficient—that is a mere conclusion of the pleader. He should have stated if the fact was so, that Dobyns was then insolvent; that his debt was unpaid, and by the failure of appellant to execute the summons and

attachment on Campbell, Dobyns collected $152, the amount Campbell owed him, and by reason of Dobyns's continued insolvency he had lost said sum.

Without an allegation of the non-payment of the money by Dobyns to appellee proof of the fact would not avail him.

The allegation, as made in the petition and heretofore quoted, would at most entitle appellee to nominal damages only.

Nor does the answer cure the defect in the petition; there is no admission therein contained, either direct or inferential, that Dobyns owed the debt to appellee, when he instituted his action.

Wherefore the judgment is reversed and the cause is remanded with directions to award a new trial, and for further proceedings consistent with this opinion. If appellant should apply within proper time for permission to amend his petition he should be allowed to do so.

*Harwood, for appellant.*

*L. A. Weakley, for appellee.*